HEARD NOVEMBER TERM, 1877.

## CLINKSCALES *vs.* PENDLETON MANUFACTURING COMPANY.

Where an action is brought to wind up the affairs of an insolvent corporation, and an order for injunction and the appointment of a Receiver is obtained, no judgment afterwards recovered by a creditor entitles it to any priority over other claims.

BEFORE REED, J., AT ANDERSON, SEPTEMBER TERM, 1877.

This was an action by Albert J. Clinkscales against the Pendleton Manufacturing Company, Wm. Perry and others.

The case is stated in a brief, which is as follows:

I. The plaintiff, as stockholder and creditor of the Pendleton Manufacturing Company, filed his complaint for its dissolution, for injunction against suing creditors, appointment of a Receiver, sale of the real and personal property, calling in creditors, and for the settlement of the affairs of the said corporation, which was hopelessly insolvent.

II. The complaint was filed April 20, 1876.

III. On 24th April, 1876, said Court granted an order enjoining all suing creditors from further proceeding, appointing John W. Daniels, Referee, to take proof of the claims of creditors, and containing this paragraph:

"3d. That John B. Sitton, one of the principal creditors of the said corporation, be, and he is hereby, appointed Receiver of all the moneys, property and effects of the said the Pendleton Manufacturing Company, with the usual powers and duties in such cases of insolvency, upon his giving bond in the penalty of twenty-five thousand dollars for the performance of the duties of such trust, and upon a written consent to such appointment given by stockholders having a majority of the stock of the corporation, to be filed with the proceedings in the case, to be executed to the Clerk of this Court."

IV. Consent of the stockholders for the said proceedings to be carried out April 26th, 1876.

V. Receiver gave bond June 6th, 1876, and receipted for the property June 7th, 1876.

VI. H. B. Claflin & Co., of New York, commenced suit in United States Court for the District of South Carolina against the said Pendleton Manufacturing Company, and process therein was served on defendant on 27th July, 1875. Plaintiffs in said suit obtained

judgment against said company on 27th April, 1876, and issued execution same day.

VII. Before the said 27th April, 1876, H. B. Claflin & Co. had not been served with process in the said cause of Clinkscales, plaintiff, against Pendleton Manufacturing Company and others, and had taken no part therein. After said date they appeared before the said Referee and asked that their said judgment be held to be a lien upon the real estate of the said corporation.

VIII. The Referee reported in favor of the lien of the said judgment, reporting the same as obtained on 24th day of April, 1876, and upon exceptions taken thereto the exceptions were sustained and the lien excluded, to which H. B. Claflin & Co. excepted and gave the following notice of appeal :

H. B. Claflin & Co., judgment creditors of the Pendleton Manufacturing Company, give notice that they appeal from the judgment of this Court excluding their lien, on the following grounds:

I. Because this Court could not enjoin H. B. Claflin's suit in the United States Court.

II. Because the lien of said judgment attached before the Receiver accepted said trust or executed his bond.

III. Because the title of the real estate and other assets of the Pendleton Manufacturing Company did not vest in the Receiver until he accepted the trust and gave bond as such Receiver.

*Burke,* for appellants :

PROPOSITION FIRST.—That Claflin & Co. could not be enjoined by the order of 24th April, 1876, and had a right to go on and get judgment, and that the judgment was a lien on the real estate of the corporation.

1. Proceedings pending in a Court of the United States cannot be interfered with by any act of a State Court.—*Ableman* vs. *Booth,* 21 How., 506; 2 Abb. Nat. Dig., 54, No. 37.

2. The judgment was a lien, as it would have been so by the State law, if rendered in a State Court.—*Ward* vs. *Chamberlain,* 2 Black, 430; 3 Abb. Nat. Dig., 128.

3. That the suit in the State Court could only affect the lien of Claflin's judgment if notice of *lis pendens* were filed, and the statement of facts does not show that any such notice was filed. In fact

no such notice was ever filed.—Rev. Stat., p. 600, § 155; *City Council* vs. *Page*, Sp. Eq., 212; *Chatauqua County Bank* vs. *Risley*, 5 Smith, 375.

PROPOSITION SECOND.—That the judgment of Claflin & Co., dated 27th April, 1876, was a lien on the real estate of the company, even if the same was obtained while the property of the company was in the custody of the Court by the appointment of a Receiver; and that other creditors could have no charge thereon until final judgment in the cause, which being subsequent to said judgment must be subordinate to the lien thereof.

1. The appointment of a Receiver did not change the title and created no lien.—*Ellis* vs. *Boston, Hartford and Erie Railroad Co.*, 107 Mass., 1.

2. The appointment of a Receiver is to preserve the property, and does not determine any rights with respect to it.—*Beverly* vs. *Brooke*, 4 Grat., 187; High on Rec., § 5, note.

3. The appointment of a Receiver did not prevent the acquisition of right by others *pendente lite.*—High on Rec., § 141, note; *Skinner* vs. *Maxwell*, 68 N. C., 400.

4. It does not so alter the possession in the person finally adjudged entitled at the time of appointment as to prevent the operation of the Statute of Limitations during the controversy.—Anon., 2 Atk., 15.

Therefore, if any claim on the property was or will be created in the suit, it must be by the judgment therein ; then only would the suing creditors be judgment creditors.

At the date of Claflin's judgment there was no judgment in the case against the company in the State Court.

PROPOSITION THIRD.—That if actual possession by the State Court be held equivalent to actual notice, yet this must be the actual possession of its officer. He did not and could not take actual possession until he gave bond. This was after the date of Claflin's judgment.

Different rules prevail as to whether the Court takes the property into custody at the date of the order or the time when the Receiver gives bond.—High on Rec., §§ 136, 137.

However this may be, the question now is a different one, for while the Court may prevent any interference with property which it has shown an intention of taking into custody, it does not follow that such intention is actual notice of its custody to a person not

legally affected with constructive notice. Therefore the judgment of Claflin & Company was a lien upon the real estate of the corporation and should have its proper priority as such.

*Thomson,* contra:

I. That a distinction is to be taken between the appointment of a Receiver before judgment as a provisional remedy (Rev. Stat., 628,) and an appointment under supplementary proceedings to reach the property of a judgment debtor.—Rev. Stat., 647. Under the latter provision, no right or property vests in the Receiver until the time of the filing and recording of the order.—Rev. Stat., 764, § 2.

II. But that in cases where a Receiver for a corporation is appointed, (Rev. Stat., § 629,) he becomes vested by relation with the right to and control of the property of the corporation from the time of appointment.—2 Waite's Pr., 247; Voorhies, 434, note *f.* And where a levy had been made by a Sheriff after appointment of and before the Receiver gave bond: *Held,* the title to the property commenced when the order was made, and the Sheriff was ordered to return the property.—3 Waite's Dig., 1618, § 119; *Steele* vs. *Sturgis,* 5 Abb., 442.

III. That it is true the Courts of this State will not enjoin a suit in the United States Courts, nor the collection of an execution issued therefrom.—*English & Westbrook* vs. *Miller,* 2 Rich. Eq., 320. But that it will in a case like this restrain a party who obtains a judgment in the United States Court from enforcing it by levy and sale of property not liable to levy and sale under execution.—*Howard* vs. *Conner,* 11 Rich. Eq., 23. A State Court has jurisdiction of an action of trespass against a Marshal for seizing the goods of a third person on an attachment.—*Buck* vs. *Colbath,* 3 Wall., 335.

IV. That H. B. Claflin & Co., by presenting their debt under the order calling in creditors, elected their remedy and submitted themselves to the jurisdiction of the Courts of this State.—*Brenan* vs. *Burke,* 9 Rich. Eq., 200.

March 12, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The complaint is in the nature of a bill filed by a creditor and stockholder of the insolvent corporation to wind

up its affairs and apply its property as assets for the payment of its debts.

April 24, 1876, the order enjoining creditors from suing the corporation was made, and also one appointing a Receiver, which should, as far as the designation of the person to hold such Receivership was concerned, depend upon a written consent to such appointment given by stockholders having a majority of the stock of the company, to be filed with the proceedings in the case, to be executed to the Clerk of the Court. This consent was filed April 26, 1876.

H. B. Claflin and others, styling themselves H. B. Claflin & Co., have intervened by petition, seeking to participate in the distribution of assets as creditors, and exhibiting a judgment recovered in the United States Court for the District of South Carolina on the 27th day of April, and claiming that such judgment is entitled to priority of payment out of such assets, having regard to an alleged lien of such judgment on the real estate of such corporation. It appears that the action in which such judgment was recovered was pending in the United States District Court at the time the present complaint was filed, but that judgment was recovered after the issuing of the injunction order and after the appointment of the Receiver was complete, though before the Receiver had perfected his official bond.

The present question does not depend on the right of the Circuit Court to enjoin creditors as it regards suits pending in the United States Courts, as alleged by the first ground of objection urged by the petitioners, who are appellants here. The petitioners have not brought themselves into the action as parties by order and proper amendment, so they cannot question the propriety of the orders of injunction and Receivership. They come in as petitioning creditors, claiming either in hostility to the title of the Receiver or as entitled to the benefit of the equities of the complaint. They do not show any lien on the property of the defendants acquired prior to that which arises under the order for the appointment of a Receiver, and, therefore, they are not in a position to claim in hostility to the Receiver unless they can show that the order appointing a Receiver did not affect the title to the assets of the insolvent corporation until either due qualification on the part of the Receiver or their actual reduction to possession by the Receiver.

It admits of no doubt that in an action of the present nature the order appointing a Receiver in itself places the assets of the

insolvent corporation in the hands of the Court. The case differs, in this respect, from those to which reference has been made by counsel, where there was a Receivership *pendente lite*. In that case the sole object of the Receivership is to preserve the property, to answer the purposes of a decree, as between the parties to the suit, without affecting the interest of third persons not parties; while the object of the present Receivership is the administration of the assets, considered as a trust fund in equity, not only as against parties but all making claim thereto. It also differs from any familiar form of Receivership under a bill filed by a judgment creditor who has exhausted his remedy at law and comes into equity to make assets through the instrumentality of its power of enforcing discovery; and also from the statute Receivership created by the Code in the case of supplementary proceedings to enforce a judgment and assimilated to a Receivership under a creditor's bill *inter vivos*. In cases of this class, equity does not find assets already imposed with a trust, but intervenes to compel the application of both legal and equitable assets to the satisfaction of the judgment, on the ground of the inadequacy of the legal execution to reach and apply such assets. Having obtained assets by these means, it looks to all legal priorities and equitable demands appropriating them.—*Ens.* vs. *Calder*, MS., 1868; *Thompson* vs. *Brown*, 4 Johns. Ch., 619.

The practice in application to Courts of equity by those who claim to have priorities affecting a fund in the hands of these Courts is stated very clearly in *Wisill* vs. *Sampson*, (14 How., 52,) when it is said that the person making such claim should come in by petition and may be examined *pro interresse suo*.

It is also held in that case that a judgment recovered in the Courts of the United States after the property had passed into the possession of a Receiver cannot create priority of lien as affecting such assets.

The company being insolvent, its property was held by its officers as a trust fund for creditors and stockholders.—*Curran* vs. *Arkansas*, 15 How., 304; 2 Kent's Com., 307. As such the Court of Equity had authority to lay hold of such trust fund and distribute it upon the principle of equity, respecting all legal liens that had attached to it before it came into the hands of the Court.—*Garvin* vs. *Garvin*, 1 S. C., 55. A proper foundation for the exercise of such jurisdiction was laid down in the complaint, and the Court in making the order appointing the Receiver assumed control of the

assets of the corporation, in pursuance of its right and duty to support such assets to equitable sales of distribution. Its injunction order preventing interference with these assets was a proper assertion of the right of exclusive control over them lodged in the Court and was in accord with the fact that the Court was in actual and rightful control of them. Actual possession was not necessary to complete the right of the Court to control them; it was enough that the Court had assumed control of them and had entered upon their administration, protected them from waste, and devoted them by anticipation to certain uses, and they were, therefore, a fund in Court as completely as if in the hands of a Receiver, as was said in *State* vs. *Bank*, 1 S. C., 71.

A judgment acquired after the order appointing a Receiver cannot obtain a lien on the assets, for the judgment only acts upon the property of the judgment debtor in the hands at the time it was obtained or subsequently acquired, while the control of the property had gone into the hands of the Court and out of those of the judgment debtor at that time. It is true that title to the lands upon which it is claimed that the judgment became a lien stood apparently in the name of the judgment debtor, but the Court had already obtained a power of disposition that, when fully exercised, would relate back to the time when control was assumed over the assets. It was not essential to the validity of that power that actual possession, or its equivalent paper title, should appear to stand in the name of the Court or its officer; such possession is not necessary to uphold powers created by the acts of parties, much less that which results from the right of exercising jurisdiction.

The petitioners cannot, therefore, claim to act in hostility to the right of the Receiver, and must be deemed to have come in to obtain the benefit of the equities set forth in the complaint. Occupying this position, they can take no advantage of anything done contrary to the order of injunction; for, seeking equity, they must do equity, and it is inequitable to seek priority at law against proceedings pending for equitable distribution, the rule of equity being in such cases equality.— *Codwise* vs. *Gelston*, 10 Johns. R., 507.

It is clear, therefore, that the petitioners are not entitled to set up their judgment as a prior lien, but that they must come in with all other creditors on terms of equality.

The appeal must be dismissed.

*McIver*, A. J., and *Haskell*, A. J., concurred.